JAMES E. YEATMAN *et als.*, Plaintiffs in Error, *v.* SARAH E. CORDER, ADM'X OF JOHN CORDER *et al.*, Defendants in Error.

*Agency—Factor.*—If the factor, in consequence of a deception practised upon him by his principal, innocently incurs a risk or responsibility, and is compelled to pay damages to a purchaser on account thereof, he will be entitled to remuneration from his principal.

*Error to Lafayette Circuit Court.*

*Ryland & Son,* for plaintiffs in error.

The letter of Cowan to plaintiffs, and which is the only evidence in the cause, giving directions, does not confine plaintiffs to a sale on the levee alone of the hemp in question; and if the best price possible for the hemp could reasonably and fairly be expected to be made and obtained by storage for a short period, and the plaintiffs, in the exercise of a reasonable and prudent discretion for the interests of Corder, did store the hemp and then in a few days sell the same, there is no such violation of orders or instructions sufficient in law to relieve Corder from the consequences of inherent worthlessness of the hemp.

The suit of the St. Louis Bagging and Rope Company against the plaintiffs in this action arose from the carefully concealed and hidden character of the hemp in the bales when received by plaintiffs, and such secret, hidden and carefully concealed defects rendering the hemp unfit for sale,

whether the sale were made on the levee, or after short storage, or in the usual mode by sample; and whatever damages were adjudged against these plaintiffs in favor of said company, these plaintiffs have a right to be reimbursed therefor.

The instructions of the defendants are based on the failure to sell the hemp on the levee alone; they ignore the secret, concealed and carefully hidden defects and worthlessness of the hemp; they ignore the direction or instruction to sell for the best price possible.

It was the duty of the consignor Cowan as Corder's agent, as well as the duty of Corder himself, to have dealt fairly and honestly with the plaintiffs, the consignees in this case, by giving to them information in regard to the quality of the hemp. This they failed to do.

The letter of Cowan to the plaintiffs is not free from ambiguity. It has two distinct paragraphs: "You will please sell on the levee, and remit the proceeds by express to my care." "Please sell for the best price possible, as it is at my solicitation that it is consigned to you." Now if the plaintiffs fairly believed that by storing it for a few days it would bring more money, a better price, they could under these instructions clearly do it, and the defendant Corder would be bound thereby. *Verba fortius accipiuntur contra proferentem.* —Lorain v. Cartwright, 3 Wash. C. C. 151; Liverm. Ag. 403–4; DeTastet v. Crousillait, 2 Wash. C. C. 132; Courcier v. Ritter, 4 id. ——; Sto. Ag. §§ 74, 82, 85, 199; Parker v. Imley, 15 Wend. 431; Sto. Ag. § 141; Davis v. Waterman, 10 Vt. 526; Judson v. Stringer, 5 Day, 556; Williams v. Shackelford, 16 Ala. 318; Peres v. Miranda, 19 Mart. 494; Drummond v. Wood, 2 Caines, 310; Forester v. Bordman, 1 Sto. C. C. 43.

No instruction could oblige the plaintiffs to be the instruments of Corder's fraud—Smith's Com. L. 98; Bexwell v. Christie, Cowp. 395.

The principal is liable to the agent for damages suffered in the course of his agency—Sto. Ag. § 339; Powell v. Trus-

tees of Newburg, 19 John, 287; 8 Tenn. 610; D'Arcey v. Lyle, 5 Binn. 441; Stocking v. Sage, 1 Day (Conn.), 552; McLean v. Drew, 4 Bing. 722; Clark's Exec'r v. Van Reemsdyk, 9 Cranch, 153; Willinks v. Hollingsworth, 6 Wheat. 241; Episc. Soc. v. Episc. Church, 1 Pick. 372; Prescott v. Flynn, 9 Bing. 19; Delafield v. State of Ills., 26 Wend. 225 –6; Weed et al. v. Carpenter, 4 Wend. 222; 5 Hill, 137; Bells v. Gibbons, 2 Ad. & El. 57; Evans v. Potter, 2 Gall. 13; Loraine v. Cartwright, 3 Wash. C. C. 151; Leverick v. Meigs, 1 Conn. 645; Sto. Ag. § 339, 258; 10 N. H. 538; 4 Barb. 369.

Corder had no right to subject his factor to commit a fraud in the sale of rotten hemp—Bexwell v. Christie, Cowp. 395; Smith Merc. L. 155–6; Chit. Contr. 204; Norris v. Cook, Curt. C. C. 464, as to ratification; 6 Cow. 354; 1 Sandf. 360; 6 Eng. (Ark.) 189; 5 Minn. 339.

*McCord* and *Ewing & Smith*, for defendants in error.

I. The court did right in refusing the instructions asked by the plaintiffs; they were not warranted by the law. An agent must be governed strictly by the authority of his appointment; his instructions must be strictly followed, otherwise he cannot hold his principal responsible for his acts—6 Cow. 354; 2 Johns. 48; 5 id. 58; 7 id. 389, and authorities cited; 13 id. 333; 2 Wend. 48; 7 id. 315; 4 Dall. 389; 1 Sandf. 406; 8 Vt. 98; Sto. Ag. § 192, pp. 225–6, and authorities cited; Pal. Ag., by Lloyd, 3, 9, 10, 25, 26; 3 Chit. Comm. & Manuf. 215–18; 1 Liverm. Ag. ch. 8, § 2, pp. 368 –74, ed. 1818; Ure v. Connell, 16 Mart. 502; Manilla v. Barry, 3 Cranch, 415; Massey v. Davies, 2 Ves., Jr., 317; Beaumont v. Boultbee, 7 Ves. 608, 617.

II. The acts of the defendant did not amount to a ratification of the action of his agent in this case; and even, for the sake of the argument, admitting that they did, it does not affect this case. This is an action by the agent against his principal, and he is held strictly to be governed by his instructions—6 Eng. (Ark.) 189; 4 Seld. 398, and authorities

cited; 23 Ills. 470; 5 Minn. 339; 3 Greenl. 430; 11 Mo. 88; 13 Mo. 620; 17 Mo. 64; 1 Bing. 34.

III. Suppose the Bagging and Rope Company had sued Corder, the principal, instead of the agents Yeatman, Robinson & Co., and had recovered, could not he (Corder) then have recovered from Yeatman, Robinson & Co., his agents, any damage sustained for a failure on their part in obeying his instructions—17 Mo. 64. This case, it is submitted, settles the question.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced by the plaintiffs in error, who were commission merchants, and as such sold, in 1857, at St. Louis, 117 bales of hemp, which had been sent to them by John Corder, the intestate of defendant in error. The hemp was shipped from Waverly, Lafayette county, on the 2d of March, 1857, and was received by the plaintiffs on the 6th of March, and they made sale of the same on the 16th of the same month to the St. Louis Bagging and Rope Company. Accompanying the shipment was a letter of instruction requesting the plaintiffs to sell on the levee for the best possible price. When the hemp was received, plaintiffs were unable to make sale for what they believed it was worth, and considering the prospects good for a speedy advance, in consequence of the receipts being cut off by cold weather, concluded to store it a few days, and immediately notified Corder of their action. They were not mistaken in their calculations, and after having it in store for about one week they sold it for a largely increased price over what they were offered for it when it was landed on the levee. The sale was made by sample in the usual course and custom of the trade. The exterior of the bales looked well and had the appearance of a sound merchantable article; but when they were opened, the hemp in the inner part was found to be dirty, rotten and matted, and almost worthless. The Bagging and Rope Company, the purchasers, sued the plaintiffs for reclamation, and recovered off of them upwards of

seven hundred dollars as damages. When suit was instituted against plaintiffs they notified Corder of the fact and requested him to defend the same; but this he neglected to do. This action is now prosecuted to recover and obtain the amount which plaintiffs were compelled to pay in consequence of the damaged condition of the hemp; and the principal, and, in fact, the real defence set up, is, that the plaintiffs as agents violated their instructions and stored the hemp before sale, when they were ordered to sell on the levee.

It is undoubtedly true that whenever an agent violates his instructions, by going beyond his authority, or by acts of negligence, omission or misconduct, and the principal sustains damage by reason thereof, the agent will be liable without regard to the motives which actuated him. But if, in consequence of a deception practised on him by his principal, he innocently incurs a risk or responsibility, and is compelled to pay damages to a purchaser on account thereof, he will be entitled to a remuneration from his principal—Sto. Ag. § 339; Southern v. How, Bridg. 126; Cro. Jac. 468.

It has been argued here with great earnestness, that the principal being notified of the action of the agents in storing the hemp and making no objection, and afterwards receiving the proceeds, must be presumed to have ratified the act of the agents. But this question is not important to be considered; in truth, it has nothing to do with the case as presented. Had the instructions been literally carried out, the liability of the principal would have been the same. He shipped to the plaintiffs as his agents a large quantity of hemp; he said nothing about its inferior quality; the inherent defects and worthless character of the article was cunningly concealed; and the agents were fully warranted and justified in supposing that the outward portions of the bales, as exposed to the common view, contained a fair representation of its quality. They sold, according to custom, by sample, and by the principal's deception they were made the unconscious instruments of a fraud for which they were compelled to respond in damages. It would be an outrage on common

justice and a reproach to the law to permit the principal to shield himself from his just liability on the ground that the agents had not implicitly obeyed the instructions and sold on the levee. This principle of law cannot be invoked for his protection; it is not applicable to the case.

The great complaint that the principal, Corder, seems to make in his defence, is, that he failed successfully to consummate the base fraud which he attempted to perpetrate. As we have indicated our views of the law which must govern the case on a new trial, it will not be necessary to notice the instructions in detail.

The judgment is reversed and the cause remanded. Judge Holmes concurs; Judge Lovelace absent.